IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HON. JOSEPH E. SCHMITZ<br>5502 Parkston Road<br>Bethesda, Maryland 20816<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF DEFENSE<br>1155 Defense Pentagon<br>Washington, DC 20301-1155<br><br>    Defendant. | Case No. 24-cv-111 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Joseph E. Schmitz brings this civil action against Defendant Department of Defense for declaratory and injunctive relief under the Freedom of Information Act, 5 U.S.C. § 552, and respectfully requests expedited review under 28 U.S.C. § 1657(a).  Plaintiff alleges:

**NATURE OF THE CASE**

1. The Freedom of Information Act ("FOIA") strongly favors openness and mandates a presumption of the disclosure of information to the public. As the Department of Justice website aptly describes: "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed. The FOIA is often explained as a means for citizens to know what their Government is up to."

2. In violation of this statutory obligation, the Department of Defense has implemented blanket, improper redactions designed to shield from public disclosure information that Congress has mandated be disclosed to the public.  Specifically, the Department is

1

categorically withholding the names of all miliary officers below the rank of O-6 (and civilian counterparts) under Exemption 6, and the Department's pattern and practice violates FOIA.

## PARTIES

3. Plaintiff The Honorable Joseph E. Schmitz served as the fifth Senate-confirmed Inspector General of the Department of Defense from April 2002 to September 2005.  For his service as Inspector General, Schmitz was awarded the Department of Defense Medal for Distinguished Public Service, the highest honorary award presented by the Secretary of Defense to non-career federal employees.

4. Defendant United States Department of Defense is an agency within the meaning of 5 U.S.C. § 552(f), and it is in possession, custody, or control of records requested by Plaintiff that are the subject of this action.

## JURISDICTION AND VENUE

5. The Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

7. The suit is timely as it has been "filed within six years after the right of action first accrue[d]."  28 U.S.C. § 2401(a); *see also Kenney v. DOJ*, 700 F. Supp. 2d 111, 115 (D.D.C. 2010) (explaining that the statute of limitations in Section 2401(a) "is a jurisdictional condition attached to the government's waiver of sovereign immunity").

## LEGAL STANDARD

8. FOIA strongly favors openness.  *DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a

democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

9. FOIA provides the American people with the opportunity to acquire "adequate information to evaluate federal programs and formulate wise policies." *Soucie v. David*, 448 F.2d 1067, 1080 (D.C. Cir. 1971).

10. As Congress "broadly conceived" the statutory purpose, *EPA v. Mink*, 410 U.S. 73, 79–80 (1973), "disclosure, not secrecy, is the dominant objective of the Act," *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976).

11. Given this broad presumption of disclosure, public access to records is only limited to the extent that the information falls within a handful of discrete categories of exemptions identified by the statute. 5 U.S.C. § 552(b). For example, FOIA exempts the disclosure of information that "would constitute a clearly unwarranted invasion of personal privacy," such as "personnel and medical files and similar files." *Id.* § 552(b)(6).

12. Under Exemption 6, "personnel files" include "vast amounts of personal data"—*i.e.*, the "profile of an individual" with personal data such as where the individual was born, the names of parents, where the individual has lived from time to time, school records, results of examinations, or evaluations of work performance. *Rose*, 425 U.S. at 377. "But Congress also made clear that nonconfidential matter was not to be insulated from disclosure merely because it was stored by an agency in its 'personnel' files." *Id.* at 372.

13. FOIA places the burden "on the agency to sustain its action" to withhold information under any of the statutory exemptions. 5 U.S.C. § 552(a)(4)(B). A court may review records in camera to determine whether the agency has satisfied its burden. *See id.*

14. In balancing individual privacy interests and public disclosure interests, courts first must determine whether disclosure of personal information "would compromise a substantial, as opposed to *de minimis*, privacy interest." *MultiAg Media LLC v. Dep't of Agriculture*, 515 F.3d 1224, 1229 (D.C. Cir. 2008) (quoting *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989)). If no significant privacy interest is implicated, "FOIA demands disclosure." *Id.*

15. Under Exemption 6, the public interest involves "shedding light on government behavior." *Kleinert v. BLM*, 132 F. Supp. 3d 79, 95 (D.D.C. 2015). "The strength or weakness of the public interest in disclosure," however, "only comes into play once the agency has shown that a substantial privacy interest is implicated." *Id.* at 97. No agency may adopt a "per se rule" that shields all names and addresses as an unwarranted invasion of a substantial privacy interest. *Id.* at 96.

16. A privacy interest may be deemed by the agency to be substantial—*i.e.*, it is more than *de minimis*—yet that still may "be insufficient to overcome the public interest in disclosure." *Id.* at 1230. In FOIA cases, courts apply a "presumption favoring disclosure, which is at its zenith under Exemption 6." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 37 (D.C. Cir. 2002).

17. To overcome the presumption in favor of disclosure of information under Exemption 6 (including names and work telephone numbers), the agency must demonstrate that disclosure would be "clearly unwarranted" so as to "tilt the balance" against disclosure. *Wash. Post v. Dep't of Health & Human Services*, 690 F.2d 252, 261 (D.C. Cir. 1982) (quoting *Ditlow v. Shultz*, 517 F.2d 166, 169 (D.C. Cir. 1975)). The "presumption in favor of disclosure" under Exemption 6 "is as strong as can be found anywhere in the Act." *Id.*

18. That is because "the disclosure of names and addresses is not inherently and always a significant threat to the privacy of those listed." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 877 (D.C. Cir. 1989); *accord Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 257 (D.D.C. 2005) (concluding that a "name and work telephone number is not personal or intimate information" that can be withheld under Exemption 6).

19. Indeed, "information that merely identifies the names of government officials who authored documents and received documents does not generally fall within Exemption 6." *Aguirre v. S.E.C.*, 551 F. Supp. 2d 33, 53 (D.D.C. 2008). Nor does agency correspondence "become personal solely because it identifies government employees." *Id.* at 54.

## **RELEVANT FACTS**

20. Plaintiff has, through various FOIA requests, sought documents and records in the possession of the Department of Defense related to the conduct of Sally B. Donnelly, a former Senior Advisor to Secretary of Defense James Mattis. Publicly available evidence, including evidence obtained by Plaintiff through FOIA, shows that Donnelly used her official position and influence for the benefit of her former client, Amazon Web Services, Inc., while receiving undisclosed payments from an Amazon commercial partner.

21. On April 13, 2020, the Department of Defense Office of the Inspector General released a 317-page unsigned "Report on the Joint Enterprise Defense Infrastructure (JEDI) Cloud Procurement," Report No. DODIG-2020-079, which includes its findings and conclusions related to the review of allegations of substantial conflicts of interest and corruption by various senior officials. The report addresses Donnelly's alleged misconduct, and it refers to several emails sent or received by Donnelly.

22. By letter dated April 5, 2021, Plaintiff submitted to the Department of Defense a request for records under FOIA. *See* Exhibit A (attached here).

23. Plaintiff requested: (1) All emails, to from, copying, or referring to Sally B. Donnelly, former Senior Advisor to the Secretary of Defense, from January 1, 2017 through December 31, 2018, mentioning any of the following: cloud acquisition, Jeff Bezos, Amazon or AWS, Teresa Carlson, Jennifer Cronis, Chris Lynch, David Copp, Suntiva, or Bahrain; and to the extent not covered above, and (2) Certain e-mails that are mentioned, cited, or referred to in the DoD IG "Report on the Joint Enterprise Defense Infrastructure (JEDI) Cloud Procurement," April 13, 2020 (Report No. DODIG 2020-079). *Id.*

24. On May 27, 2021, the Department of Defense issued a final response to the request, which included the production of 86 pages of record, largely emails sent and received by Donnelly. *See* Exhibit B (attached here).

25. The production included nearly wholesale redaction of email sender and recipient information, including senior military officers and civilian personnel within the Office of the Secretary of Defense. For example, the below email about scheduling a meeting between the Secretary of Defense and Amazon CEO Jeff Bezos included the following redactions:



26. To be clear, this is an email to the Chief of Staff for the Secretary of Defense, that cc's the Senior Advisor (Donnelly) and Senior Military Advisor (RADM Faller). The email conveys the substance of ethics advice supposedly sought and obtained regarding a Mattis/Bezos

meeting. Yet the sender, emailing the most senior staff in the Pentagon, is redacted, as are several recipients including an Army O-6 Colonel and unknown other recipients.

27. Later correspondence concerning a different meeting between Mattis and Bezos includes an opinion offered by the Director of the DoD's Standards of Conduct Office (SOCO). DoD redacts multiple recipients of an email from the Director of SOCO:

```
-----Original Message-----
From: Vetter, Ruth M SES OSD OGC (US) [mailto:(b) (6)
Sent: Wednesday, October 18, 2017 10:36 AM
To: Sweeney, Kevin SES SD (b) (6)                    >; (b) (6)          CIV SD
(b) (6)
Cc: (b) (6)       CIV OSD OGC (US) (b) (6)
Subject: Proposed Meeting with Jeff Bezos (UNCLASSIFIED)
```

28. On October 29, 2021, the Department issued its "second and final response" to the request. Exhibit C (attached here). The Department produced 129 pages of redacted records, withholding "some information" under 5 U.S.C. § 552(b)(6). For the redacted information, the Department explained that, if the information had been released, it purportedly would have constituted "a clearly unwarranted invasion of the personal privacy of individuals." *Id.* The Department did not address how the redacted information could constitute "personnel and medical files and similar files." *Id.* § 552(b)(6).

29. This production also includes blanket redactions of senior Government officials, including in correspondence with non-government employees of private companies. For example, on November 10, 2017, Jennifer Chronis, the General Manager for DoD sales for Amazon Web Services, emailed Sally Donnelly, the Senior Advisor to the Secretary of Defense, and cc'ed Chronis's boss, Teresa Carlson, the head of Public Sector Sales for AWS. Ms. Chronis references her discussions with several senior military officers regarding arranging an opportunity for AWS to pitch its cloud products to DoD entities. Defendant redacted the names of these senior officers:

> From: Chronis, Jennifer
> Sent: Friday, November 10, 2017 10:47 AM
> To: 'Donnelly, Sally SES SD'
> Cc: Carlson, Teresa
> Subject: SOCOM Commander
>
> Hi Sally,
> We are interested in hosting the SOCOM Commander for a briefing, and can do so (b)(3) 50 U.S.C. 3024(i)(1) in Seattle, whatever he prefers.
> His office (LtCol (b)(6), CDR (b)(6), COL (b)(6)) reached out to me about a month ago and we had tentatively agreed that we would host him in Seattle and present the same set of topics that we did to Secretary Mattis (Security, AI/ML, Computing at the Tactical Edge). We were given a target window of December 12-18. I put Nate Mangan on point to work with CDR (b)(6) and just this week he informed us that they were working with someone else on the visit so we've been a bit unclear.

30.    Setting aside the staggering conflict of interest posed by Ms. Donnelly's inclusion on this email chain, there is simply no basis to redact the names of these Government officials.

31.    Upon information and belief, the Department has a policy or practice of unlawfully withholding portions of responsive records that are not subject to 5 U.S.C. § 552(b)(6).

32.    Upon information and belief, the Department routinely redacts the names and contact information for *all* military personnel below the rank General Officer, meaning all officers in the rank of O-6 and below—*i.e.*, Colonels in the Army, Air Force, and Marie Corps, and Captains in the Navy and Coast Guard. Similarly, the Department has a policy or practice of routinely redacting the names and contact information for *any* civil servant not a member of the Senior Executive Service (SES), meaning every GS-15 and below for the entire DOD.

33.    Other FOIA lawsuits confirm that the Department has applied its policy or practice of categorically withholding the names of all miliary officers below the rank of O-6 (and civilian counterparts) under Exemption 6. For example, in a Connecticut lawsuit, the Department acknowledged that it had withheld information based on its "standard Exemption 6 practice of

redacting names of low-level employees—those at the O-6 rank and below." *Protect Our Defenders v. DOD*, 401 F. Supp. 3d 259, 282 (D. Conn. 2019).

34. In the documents produced in that case, the Department applied a "blanket redaction" to withhold the "names of DOD employees at the rank of Colonel and below (and the civilian equivalents)." *Id.*; *accord Walston v. DOD*, 238 F. Supp. 3d 57, 67 (D.D.C. 2017) (describing the blanket redaction of all the names of "low-level" employees under Exemption 6).

35. This admitted pattern and practice is unlawful in several respects.

36. ***First***, it is indefensible – and bordering on absurd – to claim that every DoD military and civilian at or below the rank of O-7 and SES (respectively) is a low-level employee. This would include, for example, nearly every brigade and battalion commander in the US Army, the identity of which are obviously not private. This would also include innumerable senior DoD civilian officials tasked with making and executing DOD policy at every level of the agency. Indeed, this practice even violates DoD's own FOIA Manual, which in the context of Exemption 3, provides that, "Officials whose identities may be released include general and flag officers, public affairs officers, other personnel designated as official command spokespersons, and other senior officials whose identities are known to the public through the performance of their duties."

37. ***Second***, it is flatly impermissible for DoD to make blanket determinations of (b)(6) Exemption, which must occur on a case-by-case basis, with substantial justification. "Exemption 6 may permit DoD to withhold personally identifying information of its junior personnel" in certain circumstances, but FOIA does not allow the Department to rely solely on the "categorical use" of Exemption 6 to withhold personal information in every case. *James Madison Project*, 208 F. Supp. 3d at 287. No agency may adopt a "per se rule" for such redactions. *Kleinert*, 132 F. Supp. 3d at 96; *accord Nat'l Day Laborer Org. Network v. ICE*, 811 F. Supp. 2d 713, 746 (S.D.N.Y. 2011)

("It is not the case that any mention of a federal employee's name may be withheld. Such a blanket rule would fail both the threshold test—as to the type of file or record or information in which such information is found—and the balancing test of privacy versus public interests.").

## **CLAIM FOR RELIEF**

### Count I
### The Department Improperly Withheld Portions of Records in Violation of 5 U.S.C. § 552(a)(3)(B).

38. Plaintiff incorporates by reference the allegations in paragraphs 1 through 37, as if fully set forth here.

39. FOIA exempts the disclosure of information that "would constitute a clearly unwarranted invasion of personal privacy," such as "personnel and medical files and similar files." 5 U.S.C. § 552(b)(6).

40. In response to Plaintiff's request, the Department of Defense produced redacted documents that withheld the names and contact information for military and civilian personnel under Exemption 6. The Department redacted this information by applying a per se rule withholding the names (and other contact information) for all military personnel below the rank of O-6 as well as their civilian counterparts.

41. The Department has not explained how the information amounts to "personnel and medical files and similar files." 5 U.S.C. § 552(b)(6). Nor has the Department explained how the disclosure of the redacted information "would constitute a clearly unwarranted invasion of personal privacy." *Id.*

42. The disclosure of names and other contact information is not inherently and always a significant threat to the privacy of military and civilian personnel below the rank of O-6 (or the

civilian equivalent).  Disclosure of this information is far from an invasion of personal privacy—in many instances, it is openly available to the public.

43. This Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld."  5 U.S.C. § 552(a)(4)(B).

### Count II
### Unlawful Withholding of Agency Records in Violation of 5 U.S.C. § 552(a)(3).

44. Plaintiff incorporates by reference the allegations in paragraphs 1 through 37, as if fully set forth here.

45. A requester may or may not obtain relief from a federal agency as to a specific FOIA request, yet the requester still may assert "a claim that an agency *policy or practice* will impair the party's lawful access to information in the future."  *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988) (court's emphasis).  "The fact that the practice at issue is informal, rather than articulated in regulations or an official statement of policy, is irrelevant" in determining whether a party may maintain a challenge to the agency's policy or practice.  *Id.*; *accord Judicial Watch, Inc. v. DHS*, 895 F.3d 770, 778–79 (D.C. Cir. 2018).

46. The Department of Defense has a "standard Exemption 6" policy or practice "of redacting names of low-level employees—those at the O-6 rank and below" in responding to FOIA requests.  *Protect Our Defenders*, 401 F. Supp. 3d at 282.

47. The Department's policy or practice was applied unlawfully in this case and in other FOIA cases.  No agency may apply a "per se rule" that redacts the names and contact information for all employees.  *Kleinert*, 132 F. Supp. 3d at 96.

48. Plaintiff has suffered—and will continue to suffer—continuing injury because of the Department's policy or practice.  Indeed, the Department's policy or practice has impaired Plaintiff's lawful right to access agency records and information under FOIA.  The Department's

11

failure to comply with its legal obligations frustrates the very purpose of FOIA by withholding information from public scrutiny.

49. The Department's policy or practice has prevented Plaintiff from obtaining information under FOIA in this lawsuit, and it likely will prevent Plaintiff from obtaining the same information in the future. Plaintiff intends to continue submitting FOIA requests to the Department in the future.

50. The Department's consistently has applied its policy or practice of redacting the names and contact information for military personnel below the rank of O-6 and the civilian equivalent. The Department likely will continue to apply this policy or practice in the future absent judicial relief.

51. District courts retain "broad equitable power," and, in enacting FOIA, Congress did not "limit the inherent powers of an equity court" to grant injunctive relief to a requester consistent with the Act. *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 18 (1974). A court therefore may grant "tailored injunctive relief," *Judicial Watch*, 895 F.3d at 785, to bar future violations of the statute.

52. A court also may provide declaratory relief to the requester. *Id.* at 778 (citing *Payne*, 837 F.2d at 494–95).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Declare that the Department unlawfully withheld portions of responsive records, in violation of 5 U.S.C. § 552(a)(3)(B);

      B.      Declare that the Department unlawfully has adopted a policy or practice of withholding the names of all military personnel below the rank of O-6, as well as their civilian counterparts;

      C.      Order the Department to immediately and expeditiously provide Plaintiff with all records responsive to Request 21-F-0796;

      D.      Enjoin the Department from applying a blanket policy or practice of withholding the names of all military personnel below the rank of O-6, as well as their civilian counterparts, in response to FOIA requests;

      E.      Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412(d);

      F.      Fully expedite this action pursuant to 28 U.S.C. § 1657(a); and

      G.      Grant such other relief as the Court may deem just and proper.

Date: January 11, 2024

                                  Respectfully submitted,

                                  */s/ Jeffrey S. Beelaert*

                                  Philip O'Beirne (DC Bar No. 1003436)
                                  Jeffrey S. Beelaert (DC Bar No. 995354)
                                  Stein Mitchell Beato & Missner LLP
                                  2000 K Street, NW Suite 600
                                  Washington, DC 20006
                                  Tel: (202) 661-0959
                                  Fax: (202) 296-8312
                                  pobeirne@steinmitchell.com
                                  jbeelaert@steinmitchell.com